IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| COLORADO BUILDING CORPORATION | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-cv-00294 |
| | § | |
| SCOTTSDALE INSURANCE COMPANY | § | |
| *Defendant.* | § | |

# NOTICE OF REMOVAL

Defendant Scottsdale Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Colorado Building Corporation v. Scottsdale Insurance Company*; Cause No. D-1-GN-23-000786; In the 353rd Judicial District of Travis County, Texas.

## I.
## BACKGROUND

1. Plaintiff Colorado Building Corporation (hereinafter "Plaintiff") initiated the present action by filing their Original Petition in Cause No. D-1-GN-23-000786; In the 353rd Judicial District of Travis County, Texas on February 15, 2023 (the "State Court Action").[1]

2. Defendant appeared and answered on March 17, 2023, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[2]

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. A full copy of the state court file has been requested and will be filed upon receipt.

---

[1] *See* Plaintiff's Original Petition with Citation, attached as Exhibit A.

[2] *See* Defendant's Original Answer, attached as Exhibit B.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 353rd Judicial District Court of Travis County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

7. Plaintiff Colorado Building Corporation alleges it is a domestic for-profit business corporation organized under the laws of the State of Texas with a principal place of business in Austin, Texas.[3] A corporation is deemed to be a citizen of any state by which it has been incorporated and the state in which it has its principal place of business.[4] Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

8. Defendant Scottsdale Insurance Company is a corporation organized under the laws of Ohio and maintains its principal place of business in Arizona. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant is a citizen of the States of Ohio and Arizona.

---

[3] Exhibit A, Plaintiff's Original Petition with Citation, at ¶ 3.

[4] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332(c)(1)).

9.  Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.   Amount in Controversy**

10. It is facially apparent from Plaintiff's live petition that the amount in controversy in this case exceeds $75,000 rendering removal proper. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[5] Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount.[6] In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[7]  If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.[8]

11. Here, Plaintiff seeks "monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorneys fees and costs." **Exhibit A**, Plaintiff's Original Petition, at ¶ 2. However, Plaintiff sent a pre-suit demand letter in which it claimed $62,191.93 for the total amount of the claim, $4,992.64 in interest, and $2,415 in attorneys fees plus $23,005.64 in lost business rents. **Exhibit C**, Plaintiff's September 9, 2021 demand letter, pp. 2-3. Plaintiff further seeks compensation for actual damages, treble damages, exemplary damages; attorney's fees; and pre- and post-judgment interest. **Exhibit A**, Plaintiff's Original Petition, at ¶25, 28, 31, 34, and 35. Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling it to a trebling of actual damages under Texas Insurance Code

---

[5]  28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013).

[6]  *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

[7]  *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[8]  *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

Chapter 541. *See* **Exhibit A, ¶** 31; Tex. Ins. Code sections 541.002 & 541.152. Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[9] The threshold for diversity jurisdiction, $75,000, is therefore met by the evidence and allegations contained in Plaintiff's presuit demand letter and Original Petition.

## III.
## CONCLUSION

12. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

13. WHEREFORE, Defendant Scottsdale Insurance Company hereby provides notice that this action is duly removed.

*(Signatures on the following page.)*

---

[9] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT
SCOTTDALE INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and Certified Mail this the 17th day of March, 2023 to:

Scott R. Kidd                                              **#9414 7266 9904 2178 2291 10**
Scott V. Kidd
Kidd Law Firm
819 West 11th Street
Austin, Texas 78701
scott@kiddlawaustin.com
svk@kiddlawaustin.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp